IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN HARRIS REESE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-CV-418-JHP-JFJ |
| ) | |
| JAMES YATES, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner Glenn Harris Reese's habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his Tulsa County District Court convictions for attempted manufacture of methamphetamine and petty larceny, Case No. CF-2011-3891. Dkt. 1, Petition, at 1. Petitioner argues the State violated his *Miranda* and due process rights in connection with his arrest and that counsel rendered ineffective assistance. Dkt. 1, Petition, at 6. He asks the Court to vacate his 45 year sentence and remand the case for a new trial. *Id.* at 18. Respondent contends most claims are procedurally defaulted, and the exhausted claims fail on the merits. For the reasons below, the Court will deny the petition.

**I. Background**

Petitioner's convictions stem from an incident in 2011, when he was apprehended for shoplifting at Walmart. Dkt. 10-8, Information in O.R., at 13. A Walmart employee followed Petitioner out of the store, confiscated his bicycle, and escorted him to the store office for questioning. Dkt. 10-3, Tr. Trial vol. II, at 44-46. The employee then searched a backpack

---

[1] Petitioner is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. Dkt. 13 at 1. James Yates, the warden of DCF, is therefore substituted in place of Robert Patton as party respondent. *See* Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

attached to the bicycle and found a bottle containing a milky white substance. *Id.* at 46-47. The employee suspected Petitioner was producing methamphetamine and called police. *Id.* at 47-50.

The State charged Petitioner with manufacturing or attempting to manufacture a controlled dangerous substance in violation of OKLA. STAT. tit. 63, § 2-401(G) (Count I) and larceny of merchandise from a retailer in violation of OKLA. STAT. tit. 21, § 1731 (Count II). Dkt. 10-8, O.R., at 13. The Information further reflected Petitioner had been convicted of six prior felonies. *Id.* at 15. On November 8, 2012, a jury convicted Petitioner of all charges and recommended a punishment of 45 years imprisonment on Count I and 30 days imprisonment on Count II. Dkt. 10-5, Tr. Trial vol. III, at 55. The State Court sentenced Petitioner accordingly. Dkt. 10-7, Tr. Sent. Hr'g (Nov. 19, 2012), at 3.

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. 9-1, App. Brief, at 1. Petitioner's appellate counsel raised one proposition of error, arguing the evidence was insufficient to support the methamphetamine conviction. *Id.* at 2. By a Summary Opinion entered December 20, 2013, the OCCA affirmed Petitioner's conviction. Dkt. 9-3, *State v. Petitioner*, No. CF-2012-1072 (Okla. Crim. App. 2013) (unpublished), at 1.

On April 2, 2015, Petitioner filed a *pro se* application for post-conviction relief in the State Court. Dkt. 9-4, P.C. App., at 1. He raised the following six proposition of error:

 (Proposition 1) "Illegal search and seizure;"

 (Proposition 2) "*Miranda* violation;"

 (Proposition 3) "Insufficient evidence;"

 (Proposition 4) "Ineffective assistance of [trial] counsel," and

 (Proposition 5) "Ineffective assistance of appellate counsel."

*Id.* at 3.² Proposition 5 relates to appellate counsel's failure to raise the illegal search claim in Petitioner's direct appeal. *Id.* at 4-6. The application was denied on March 12, 2015. Dkt. 1, Order Attached to Petition, at 19. The State Court found Propositions 1 through 4 were waived, as Petitioner did not raise them on direct appeal. *Id.* at 22. The State Court further found appellate counsel rendered capable assistance on appeal, and any search and seizure argument would have failed. *Id.* at 24. By a Summary Opinion entered May 21, 2015, the OCCA affirmed the decision. Dkt. 9-6, *Petitioner v. State*, No. CF-2012-299 (Okla. Crim. App. 2015) (unpublished), at 1.

Petitioner filed the instant § 2254 Petition (Dkt. 1) on July 27, 2015. He also filed a brief in support of his Petition (Dkt. 8) on September 21, 2015. Petitioner identifies the following grounds for relief:

(Ground 1): Walmart employees conducted an illegal search and seizure.

(Ground 2): Walmart employees and police officers violated Petitioner's *Miranda* rights.

(Ground 3): The methamphetamine conviction is predicated on insufficient evidence.

(Ground 4): Trial counsel rendered ineffective assistance.

(Ground 5(a)): Appellate counsel rendered ineffective assistance by failing to raise an illegal search claim on direct appeal.

(Ground 5(b)): Appellate counsel rendered ineffective assistance by failing to raise the *Miranda* violation on direct appeal.

(Ground 5(c)): Appellate counsel rendered ineffective assistance by failing to raise trial counsel's deficient performance on direct appeal.

Dkt. 1, Petition, at 6, 15; *see also* Dkt. 8, Petitioner's Brief, at 28.

---

² The post-conviction application also cites the word "cumulative," which may be a separate proposition raising cumulative error. The State Court did not address a separate ground for cumulative error, and Petitioner did not pursue it. Because it does not impact the outcome of this case, the Court will assume the post-conviction application raised five propositions of error.

On September 29, 2015, Respondent filed a Response (Dkt. 9) along with copies of the state court record (Dkt. 9, 10). Respondent concedes, and the Court finds, that Petitioner timely filed his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). However, Respondent contends Grounds 1, 2, 4, 5(b), and 5(c) are procedurally defaulted and the remaining claims lack merit. Dkt. 9, Response, at 14-35. Petitioner filed a Reply (Dkt. 11) on October 16, 2015.

**II. Exhaustion and Procedural Default**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before addressing the merits of [a habeas] claim, [the petitioner] must show that he can satisfy [certain] procedural requirements" including the exhaustion of state remedies. *U.S. v. Greer*, 881 F.3d 1241, 1245 (10th Cir. 2018); *see also* 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).

A corollary to the exhaustion requirement is the procedural bar doctrine. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). If the state court denied a habeas claim "based on an adequate and independent state procedural rule," the claim is procedurally defaulted for purposes of federal habeas review. *Davila,* 137 S. Ct. at 2064. A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). "Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place

that defense in issue shifts to the petitioner." *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). "To satisfy this burden, petitioner is, at a minimum, required to set forth specific factual allegations as to the inadequacy of the state procedure." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999)

Federal courts also lack authority to review claims that are not exhausted (and not yet defaulted), but would be procedurally barred if petitioner returned to state court. *See Anderson v. Sirmons,* 476 F.3d 1131, 1139 (10th Cir. 2007); *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). This doctrine is called "anticipatory bar." *Id.* To determine its applicability, the Court must consider whether exhaustion would be futile, and the State Court would refuse to consider the merits of the federal claim, based on an adequate and independent state procedural rule. *See Anderson,* 476 F.3d at 1139. If a procedural bar or an anticipatory bar applies, a federal court will not review the claim unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A. Grounds 1, 2, and 4 are Procedurally Barred

Petitioner did not raise Ground 1 (illegal search and seizure), Ground 2 (*Miranda* violations), or Ground 4 (ineffective assistance by trial counsel) on direct appeal. Therefore, the State Court and the OCCA declined to address those claims during the post-conviction proceedings based on OKLA. STAT. tit. 22, § 1086. Dkt. 1, Order Attached to Petition, at 28; Dkt. 9-6, OCCA Op., at 2-3. Section 1086 bars claims not raised on direct appeal unless the petitioner demonstrates a "sufficient reason" for the earlier omission. OKLA. STAT. tit. 22, § 1086. The rule is independent, as it relies purely on state law. *See Smallwood v. Gibson,* 191 F.3d 1257, 1268 (10th Cir. 1999). The Tenth Circuit has also "repeatedly found that Oklahoma has applied

section 1086 consistently to preclude claims on post-conviction review which could have been raised on direct appeal." *Hale v. Gibson*, 227 F.3d 1298, 1330 n. 15 (10th Cir. 2000) (collecting cases). Indeed, Oklahoma has applied the Section 1086 bar in cases involving *Miranda* violations, *see Clayton v. State,* 892 P.2d 656, 650 n.2 (Okla. Crim. 1995), illegal search and seizure, *see Logan v. State,* 293 P.3d 969, 973 (Okla. Crim. 2013), and ineffective assistance of trial counsel, *see Woodruff v. State,* 910 P.2d 348, 351 (Okla. Crim. 1996). The State Court and the OCCA therefore denied Grounds 1, 2, and 4 based on an adequate and independent state procedural rule.

Although Petitioner did not raise this argument, the Court notes the result would not differ based on the special attention given to ineffective assistance of counsel claims. Courts "view state procedural rules that bar ineffective assistance claims with a healthy degree of skepticism," but "this does not preclude a finding that a state procedural rule is adequate to bar federal review of" such a claim. *Smallwood*, 191 F.3d at 1268. A procedural bar can be applied where the petitioner had an opportunity to consult with separate counsel on appeal and the claim can be adjudicated based on the current record. *See English v. Cody,* 146 F.3d 1257, 1263-4 (10th Cir. 1998). Both requirements are met in this case. Petitioner had separate appellate counsel, and the facts supporting his claim (*i.e.* misdated or absent subpoenas, the absence of a motion to suppress, and cross examination defects) would be apparent from the original record. Dkt. 1, Petition, at 12; *see also* Dkt. 8, Petitioner's Brief, at 6; *Berget v. Gibson*, 188 F.3d 518 (10th Cir. 1999) (applying a procedural bar to ineffective assistance claim where "counsel at trial and on appeal differed" and "the evidence offered in support of this claim was known to the trial court"). Ground 1, 2, and 4 are therefore procedurally barred, and habeas review is precluded unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.

B. An Anticipatory Bar Applies to Grounds 5(b) and 5(c)

In Ground 5, Petitioner argues appellate counsel was ineffective for failing to raise the above arguments on direct appeal. Dkt. 1, Petition, at 14. For clarity, the Court delineates the alleged deficient performance as follows: (Ground 5(a)): failure to raise the illegal search claim on appeal; (Ground 5(b)): failure to raise the *Miranda* violation on appeal; and (Ground 5(c)): failure to appeal based on trial counsel's deficient performance. The record reflects Petitioner raised Ground 5(a) in his post-conviction proceeding. Dkt. 9-4, P.C. App., at 11-12. Petitioner then exhausted Ground 5(a) by presenting it in the post-conviction appeal. Dkt. 9-6, OCCA Op., at 4-5.

Grounds 5(b) and 5(c), however, were not exhausted. In his post-conviction application, Petitioner did not contend appellate counsel should have raised claims for *Miranda* violations or ineffective assistance of trial counsel, and the OCCA did not have an opportunity to address those aspects of appellate counsel's performance. Dkt. 9-4, P.C. App., at 11-12; *see also* Dkt. 9-6, OCCA Op., at 4-5. The Court also finds any further attempts to exhaust state remedies would be futile. By its terms, OKLA. STAT. tit. 22, § 1086 applies to successive state petitions as well as direct appeals. Thus, "a second post-conviction relief application cannot be based on claims that were not raised in an original, supplemental or amended application." *Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999) (citing Section 1086). Section 1086 is an adequate, independent rule that is evenly applied to successive post-conviction applications. *Id.; Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (affirming application of § 1086 in a case involving ineffective assistance of counsel and a successive state petition). Further, no special concerns exist under *English v. Cody,* 146 F.3d 1257 (10th Cir. 1998) to prevent application of an anticipatory bar to Grounds 5(b) and 5(c). Appellate counsel was not prosecuting the post-

conviction application, and Petitioner concedes his entitlement to relief appears plainly in the record. Dkt. 8, Petitioner's Brief, at 28. Consequently, an anticipatory bar applies to Grounds 5(b) and 5(c), unless Petitioner can overcome the default.

### C. Petitioner Cannot Overcome the Default

The Court cannot reach the merits of Grounds 1, 2, 4, 5(b), or 5(c) unless Petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Factors supporting "cause" include previously unavailable evidence, a change in the law, and interference by state officials. *Id.* The alternative to establishing "cause and prejudice" is proof of a "fundamental miscarriage of justice," which requires the petitioner to demonstrate he is "actually innocent." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Respondent's brief thoroughly set out the above standard, and Petitioner addressed the issue in his Reply. Dkt. 9, Response, at 24-28; *see also* Dkt. 11, Reply, at 1-5. To overcome the default, Petitioner argues he is actually innocent of the methamphetamine charge. Dkt. 11, Reply, at 1-3. Petitioner was convicted of using the "shake and bake" method to manufacture methamphetamine, which requires a mixture of ammonia, lithium, and pseudoephedrine. *Id.* He contends the forensic scientist who tested the bottle found that ammonia and lithium were only "indicated" but not confirmed. *Id.* Petitioner also argues he is innocent due to the constitutional defects identified in Grounds 1 through 5. *Id.*

To take advantage of the "actual innocence" exception, a habeas petitioner must "present

evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Moreover, the evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327. Petitioner has not identified new evidence demonstrating factual innocence, nor does the Reply contain an explicit assertion that he did not commit the crime. Dkt. 11, Reply. Instead, Petitioner challenges the sufficiency of the evidence at trial. It is well established that legal innocence does not satisfy the "miscarriage of justice" exception. *See Bousley v. U.S.*, 523 U.S. 614, 623-624 (1998). The Court therefore concludes Petitioner has not overcome the procedural default, and habeas review is unavailable with respect to Grounds 1, 2, 4, 5(b), and 5(c).

## II. Merits Analysis

Respondent concedes, and the Court finds, that Petitioner exhausted state remedies with respect to Ground 3 (insufficient evidence) and Ground 5(a) (appellate counsel's failure to raise the illegal search claim on direct appeal). Dkt. 9, Response, at 2, 28. The Court will therefore consider whether Petitioner's conviction violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the OCCA already adjudicated Petitioner's claims, this Court may not grant habeas relief unless he demonstrates the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[3] (2) "resulted in a decision that . . . involved

---

[3] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015

an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that

---

(10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

A. Ground (5)(a): Ineffective Assistance of Appellate Counsel

The Court will first address Ground 5(a), as it could impact the analysis of Ground 3 (insufficient evidence). In Ground 5(a), Petitioner contends appellate counsel should have raised an illegal search argument on direct appeal. Dkt. 1, Petition, at 14; *see also* Dkt. 8, Petitioner's Brief, at 28. According to Petitioner, the Walmart employee violated the Fourth Amendment by searching his backpack without a warrant or probable cause. Dkt. 8, Petitioner's Brief, at 28. Petitioner contends appellate counsel could have succeeded on this argument by demonstrating the Walmart employee, who held a second job as a state police officer, was a state actor. *Id.*

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. A deprivation of that right occurs where: (1) counsel's performance was deficient, and (2) such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to appellate counsel. *See Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges appellate counsel failed to raise an issue on direct appeal, the Court "first examine[s] the merits of the omitted issue." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance." *Id.* (citing *Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998)). If the issue has merit, the Court must then determine whether counsel's failure to raise it "was deficient and prejudicial" under *Strickland. Id.*

Standing alone, the *Strickland* standard is "highly deferential." *Strickland*, 466 U.S. at 689. Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly

11

deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (A "doubly deferential judicial review … applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard."). "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [this Court] defer[s] to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

The OCCA found appellate counsel's performance was reasonable because the omitted illegal-search argument is meritless. Dkt. 9-6, OCCA Op., at 4. The Summary Opinion reasoned that "[t]here is no Fourth Amendment protection from a search conducted by a private citizen." *Id.* Viewing the decision with double deference, the Court agrees. It is true that "actions of private entities can sometimes be regarded as governmental action for constitutional purposes." *Lebron v. Nat'l R.R. Passenger Corp.,* 513 U.S. 374, 378 (1995) (internal citations omitted). However, "constitutional standards are invoked only when it can be said that the [government] is *responsible* for the specific conduct of which the plaintiff complains." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 632 (1991) (emphasis in original). The Fourth Amendment is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting" on behalf of the Government. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quotations omitted). To establish the government was responsible for a search by a private party, a petitioner must show: "1) … the government knew of and acquiesced in the intrusive conduct, and 2) … the party performing the search intended to assist law enforcement efforts or to further his own ends." *United States v. Souza*, 223 F.3d 1197, 1201 (10th Cir. 2000) (quoting *Pleasant v. Lovell*, 876 F.2d 787, 797 (10th Cir. 1989)).

The record contains no evidence that the government knew of or acquiesced to the

Walmart employee's decision to look inside Petitioner's backpack. The testimony reflects the employee grabbed the bag on his own accord, found the suspected "shake and bake" bottle, and then called police. Dkt. 10-3, Tr. Trial vol. II, at 44-47. At the time, Petitioner directed the employee not to involve police, and threatened to "come back and get [him]" if the call was placed. *Id.* at 49. It is also reasonable to infer that, notwithstanding the employee's separate job with the State Police, he performed the search to further Walmart's interest in preventing shoplifting. The Court will therefore not disturb the OCCA's rulings that the omitted illegal search argument is meritless and appellate counsel rendered effective assistance. Habeas relief is unavailable with respect to Ground 5(a).

B. Ground (3): Sufficiency of the Evidence

In Ground 3, Petitioner claims he was deprived of due process because the State's evidence is insufficient to support the methamphetamine conviction. Dkt. 1, Petition, at 6. He contends his possession of a suspected "shake and bake" bottle is not conclusive because the lab results did not detect pseudoephedrine, a necessary ingredient for producing methamphetamine. Dkt. 8, Petitioner's Brief, at 22. As discussed above, Petitioner also contends the scientist could not definitively confirm the presence of other necessary ingredients such as ammonia or lithium. *Id.* at 23.

Under the Due Process Clause of the Fourteenth Amendment, a criminal defendant cannot be convicted of a crime unless the state proves, beyond a reasonable doubt, every essential element of the crime charged. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship*, 397 U.S. 358, 364 (1970). On federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at

319. "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). As the Supreme Court explained:

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' " *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Id.* The Court looks to state law to determine the substantive elements of the crime, "but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Johnson*, 566 U.S. at 655.

Petitioner challenges his conviction under OKLA. STAT. tit. 63, § 2-401(G). To obtain this conviction, the State had to prove that Petitioner: (1) knowing and intentionally, (2) manufactured or attempted to manufacture, (3) a controlled dangerous substance (methamphetamine). *See* OKLA. STAT. tit. 63, § 2-401(G); OKLA. UNIF. CRIM. JURY INSTR. No. 71. On direct appeal, the OCCA found all elements were met. Dkt. 9-3, OCCA Op., at 1. The OCCA also noted Petitioner's knowing possession of a "shake lab" was an attempt to manufacture methoamphetamine, "even if the process was incompete – indeed, even if it were impossible under the circumstances." *Id.* at 2.

After reviewing the trial transcripts and exhibits in the light most favorable to the State, the Court agrees that any rational trier of fact could have found beyond a reasonable doubt that Petitioner attempted to manufacture methamphetamine. The State's forensic scientist testified that two out of three required substances for making methamphetamine (ammonia and lithium)

were indicated in Petitioner's bottle. Dkt. 10-3, Tr. Trial vol. II, at 166. Further, Tulsa Police Officer Mackenzie testified that Petitioner admitted he had a shake lab and stated he was going to take it to someone who could "gas it out." *Id.* at 116. On this record, the Court cannot find the OCCA unreasonably applied federal law, and Ground 3 fails.

Based on the foregoing, the Court concludes Petitioner's conviction does not violate federal law. 28 U.S.C. § 2254(a). The Petition is therefore denied.

## IV. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. 1) is **denied**.
3. A certificate of appealability is **denied**.
4. A separate judgment will be entered herewith.

ORDERED this 28th day of September 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma